# LELAND BARTON

## vs.

# WILLIAM EDWARD SWAINSON.

*Land Office: caveat; effect of—; time for decision; caution money; payment of—; effect.*

A caveat, as used in proceedings in the Land Office, is but an objection to the issuance of the patent, and if it is not heard and determined within 12 months from the entering of the same, as provided in section 42 of Article 54 of the Code, the certificate is released from the effect of the caveat by operation of law.      p. 633

Payment of caution or composition money does not, as between the applicant for a warrant and the State, establish any contractual relation.      p. 634

The failure to hear and determine the caveat within the required time affects only the caveat, and does not affect the certificate, or the right of the caveatee to have the patent issued to him, if the certificate is correct and in compliance with the law in all other respects.      p. 633

*Decided June 26th, 1917.*

Three appeals in one record from the Commissioner of the Land Office. (JAS. S. SHEPHERD.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*John Ridout,* for the appellant.

*Daniel William Baker,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appeals in this case are from three orders of the Commissioner of the Land Office, dismissing the caveats of the appellant.

In each of these cases Swainson, the appellee, on July 16, 1914, filed his application for a warrant of survey for certain vacant lands in Montgomery County, Maryland. A warrant thereon was issued on the 16th day of July following, and said lands were thereafter surveyed and certificates of such surveys were filed with the commissioner.

On February 16, 1915, the Chesapeake and Ohio Canal Company's trustees filed caveats against the issuance of patents upon said applications of the appellee.

On May 3, 1916, the appellant filed applications for special warrants to survey said vacant lands that patents therefor might be issued to him. It appears that a warrant in each case was issued in response to his application, but it is not shown by the record that any return thereon was made to the commissioner. Thereafter the commissioner, who had recently been inducted into office, issued notices in forms of orders *nisi* without discrimination to all caveators, including the Chesapeake and Ohio Canal Company's trustees to show cause why their pending caveats should not be dismissed by a certain day named in the order; and on the 24th day of June, 1916, the appellant who had heard of the issuance of said notice also filed caveats against the applications of the appellee Swainson for patents for said vacant lands. These caveats were dismissed on the 4th day of October, 1916.

After service of the aforesaid order or notice on the Chesapeake and Ohio Canal Company's trustees the caveats against them were heard upon a day agreed upon by the caveators and caveatees and on the 5th day of October, 1916, the

caveats were dismissed, and on the 4th day of December following, patents were ordered to issue to the appellee.

The appeals in this case, as we have said, are from the three orders of October 4, 1916, dismissing the caveats of the appellant.

The record disclosed that the caveats of the Chesapeake and Ohio Canal Company were not heard and determined within twelve months from the entering of the same, and this fact is the chief ground of the appellant's caveats to the issuance of patents to the appellee.

Section 42 of Article 54 of the Code of 1912, provides, "that every caveat shall be heard and determined by the commissioner of the land office within twelve months from the entering of the same unless he shall under special circumstances give further time to the parties."

It is contended by the appellants that under a proper construction of this section the commissioner, without special circumstances authorizing extension of time, was not only without authority to hear and determine the caveats but that the appellant because of the failure to hear and determine them within the statutory period had lost his right to have the patents issued to him, even though he should comply with all other requisites of the statute.

Section 41 of Article 54 of the Code provides, that if a certificate of survey shall be returned within the time therein prescribed and shall be found to be correct and the whole composition or purchase money has been paid, and such certificate has lain six months in the land office and no caveat has been entered thereto the person having such certificate returned, his assigns, devisees or heirs shall be entitled to a patent thereon; *or if the certificate is released by adjudication or by the operation of law from the effect of the caveat, a patent shall issue thereon as if no caveat had been filed.*

The aforesaid Section 42 deals with the caveat and provides that it shall be heard and determined within twelve months from the entering of the same unless under special circumstances the time be extended.

The caveat is but an objection to the issuance of the patent and if it is not heard and determined within the statutory period, without extension of time, the certificate is released from the effect of the caveat by operation of law, and upon the caveatee complying with all other provisions of the law the patent should issue. The failure to hear and determine the caveat within the required time affects only the caveat and does not affect the certificate or the rights of the caveatee to have issued to him thereafter his patent if the certificate be correct and he complies with the law in all other respects.

It appears from the record that on the second day of May, 1916, the chief clerk in the commissioner's office in response to a letter from the appellant, dated the 26th day of April, 1916, which is not in the record, wrote appellant, saying: In reference to the different caveat cases you have cited, in which Mr. Swainson is the caveatee, namely: "Swainson's Island," "Wade's Island" and "Wade's Discovery," beg to advise that these cases are all out by law * * * which states that 'every caveat must be heard and determined within twelve months from the date of entering same * * * As to Swainson's right in the matter of these caveats we stated above that they are out by law and any proceedings affecting this land or lands must necessarily be started *de novo.*"

On the next day, May 3rd, the appellant filed his application for a special warrant to survey said vacant lands and paid the caution money therefor.

The fact that he was told by the chief clerk in the letter received by him that these caveat cases and Swainson's right in the matter of the caveats were "out by law" is made an additional objection to the issuance of the patents.

It is claimed by the appellant that the aforesaid statements of the chief clerk found in his letter of May 3rd induced him to make his application for special warrant and to pay the caution money and that the payment of said money created contractual relations between him and the State

which were wrongfully disregarded in the dismissal of his caveats.

The statements referred to were the mere expressions of the views of the chief clerk and were not the judicial determination of the commissioner, but even should said statements be regarded as the judicial determination of the commissioner they certainly would not be binding upon the appellee in the sense that his rights would be concluded thereby.

It is not clear just what was meant by the clerk in the expressions used by him in his letter, but such expressions could not have had the effect and meaning that is given them by the appellant.

The payment of caution or composition money does not, as between the applicant for a warrant and the State, establish the relations of contracting parties. Its payment is necessary before the question whether a patent should be granted can be considered. *Day* v. *Day*, 22 Md. 538.

The record discloses no error in the action of the commissioner in passing said orders and they will therefore be affirmed.

*Orders affirmed, with costs to the appellee.*